UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES FINLEY, *et al.*, | Case No. 2:23-cv-00930-RFB-DJA |
| Plaintiffs, | ORDER |
| v. | |
| JOSHUA BULMAN, *et al.*, | |
| Defendants. | |

Before the Court is Defendant Swift Transportation Services of Arizona, LLC ("Swift Transportation of Arizona")'s motion to dismiss or, alternatively, motion for summary judgment. ECF No. 34. Also before the Court is Defendant Joshua Bulman, Defendant Swift Transportation of Arizona, and Defendant Swift Transportation Services, LLC ("Swift Transportation")'s motion for summary judgment, (ECF No. 35), and the three Defendants' motion in limine, (ECF No. 33). For the following reasons, the Court denies the motion in limine, grants Defendant Swift Transportation Services of Arizona's motion for summary judgment, and grants in part and denies in part the three Defendants' motion for summary judgment.

**I.   PROCEDURAL HISTORY**

On May 18, 2023, Plaintiffs Charles Finley and Imijah Jenkins filed a Complaint in the Eighth Judicial District Court in Clark County, Nevada, naming Swift Transportation, Swift Transportation of Arizona, and Joshua Bulman as Defendants. ECF No. 2-1. Plaintiffs alleged causes of action for (1) negligence, (2) negligence per se, (3) negligent entrustment, (4) negligent hiring, training and supervision, and (5) respondeat superior. Id.

On June 8, Defendants filed their Answer, including Defendant Bulman and Swift Transportation of Arizona's Counterclaim against Charles Finley. ECF No. 2-3. Defendants

1  alleged causes of action for (1) negligence, (2) negligence per se, (3) equitable indemnity, (4)
2  contribution, and (5) apportionment. Id.
3  　　　　On June 13, Defendants removed the action to this Court. ECF No. 1. On June 28, Plaintiff
4  and Counter-Defendant Charles Finley filed an Answer to the Counterclaim. ECF No. 16.
5  　　　　On October 5, 2023, Defendants filed a motion to compel. ECF No. 26. The motion was
6  fully briefed by October 27. ECF Nos. 29, 30. The Honorable Daniel J. Albregts, U.S. Magistrate
7  Judge, granted in part and denied in part the motion after a hearing held on November 14, 2023.
8  ECF No. 31.
9  　　　　On March 11, 2024, Defendants filed the instant motion in limine. ECF No. 33. Plaintiffs
10 have not responded to the motion. On March 11, Defendant Swift Transportation filed the instant
11 motion to dismiss or, alternatively, motion for summary judgment. ECF No. 34. On the same day,
12 Defendants Swift Transportation, Swift Transportation of Arizona, and Bulman filed the instant
13 motion for summary judgment. ECF No. 35. Both motions were fully briefed by April 15, 2024.
14 ECF Nos. 37, 38, 39, 40. The Court's Order follows.

15 **II.   FACTUAL BACKGROUND**

16 　　　　The Court makes the following findings of undisputed and disputed facts.

17 **　　A.  Undisputed Facts**

18 　　　　This action arises out of a motor vehicle collision that occurred on June 1, 2021, at the
19 intersection of W. Tropicana Ave. and the I-215 Southbound off-ramp in Las Vegas, Nevada.
20 Defendant Joshua Bulman was operating a tractor-trailer owned by Defendant Swift
21 Transportation of Arizona.
22 　　　　Bulman's vehicle was stopped at the intersection behind several cars when he turned
23 toward the back of his vehicle to grab something – Bulman does not remember what – while the
24 traffic light was red. At some point, the light turned green and the vehicles in front of Bulman
25 proceeded forward. The traffic light had turned yellow when Bulman began proceeding forward.
26 Meanwhile, Plaintiff Charles Finley, with Plaintiff Imijah Jenkins as passenger, was stopped in his
27 vehicle at a red light perpendicular to the direction Bulman was proceeding. As Bulman crossed
28 the intersection, the traffic light facing him turned red and the light facing Plaintiffs had turned

green. Finley accelerated at the time when the tractor-trailer was just in front of Plaintiffs' vehicle, and the two collided. The speed of Finley's vehicle was less than 5 miles per hour at the time of collision.

### B. Disputed Facts

The parties dispute whether Swift Transportation Services is the employer of Defendant Joshua Bulman. Otherwise, the parties dispute the legality of the opponent party's movement in the intersection and who is at fault in the accident.

### III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the non-moving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cnty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### IV. DISCUSSION

As a preliminary matter, the Court finds that Plaintiffs' response to Defendants' motion for summary judgment will not be considered as a cross-motion for summary judgment. The deadline for filing dispositive motions in this case was March 11, 2024. Defendant filed their motion for summary judgment on that date. Two weeks later, Plaintiffs filed their response, which they characterized as a cross-motion for summary judgment. The Court finds this motion is untimely and therefore solely considers Defendants' motion for summary judgment and Plaintiffs' response

only as an opposition to Defendants' motion.

Furthermore, the Court will consider Defendant Swift Transportation Services of Arizona's motion as a motion for summary judgment. Defendant states that the motion is a motion to dismiss or, in the alternative, a motion for summary judgment. Defendant relies on exhibits that provide facts beyond the complaint. Therefore, the Court will review the motion as a motion for summary judgment.

Finally, the Court denies Defendants' motion in limine without prejudice. There is no trial date set in this case and pursuant to LR 16-3, motions in limine must be filed 30 days before trial. Without a set trial date, if a party seeks to address a dispute, they can use dispositive motions to do so. Therefore, the motions in limine are denied without prejudice.

The Court now turns to the merits of the Defendants' motions for summary judgment.

**A. Defendant Swift Transportation Services' Motion for Summary Judgment**

Defendant Swift Transportation Services filed a motion for summary judgment where they argue that they had no involvement in the subject accident, did not own or operate the subject tractor-trailer, and did not employ the driver of the subject tractor-trailer, Defendant Bulman. The traffic accident report references Swift Transportation Company of Arizona as the owner of the vehicle. Defendants cite to the operative Complaint, their Answer, their discovery responses, and the deposition testimony of Defendant Bulman to establish that he is not their employee.

In response, Plaintiffs argue that it is a dispute of material fact regarding what entity employed Defendant Bulman. Plaintiffs provides a quotation from Defendant Bulman's deposition where he stated that it was Defendant Swift Transportation Services that employed him. However, he later corrected this statement and further clarified that they were not his employer. Plaintiffs further argue that they sought evidence regarding Defendant Bulman's employer, but it was not provided. Discovery is closed in this case and Plaintiffs had the opportunity to file a motion to compel if there was evidence they felt was not being provided. Additionally, in the section of their opposition that reiterates the undisputed facts, Plaintiffs include: "On June 1, 2021, Defendant Joshua Bulman was operating a tractor trailer within the course and scope of his employment with Defendant Swift transportation of Arizona." Further, in their opposition to the three Defendants'

motion for summary judgment, Plaintiffs once again present Defendant Bulman's employment by Defendant Swift Transportation of Arizona as an undisputed fact.

Based on the record before the Court, there is no dispute of material fact concerning Defendant Bulman's employer or the owner of the vehicle. Therefore, the claims against them, including for negligence, negligent entrustment, and negligent hiring fail. Defendant Swift Transportation Services' motion for summary judgment is granted.

**B. Defendant Swift Transportation Services, Defendant Joshua Bulman, and Defendant Swift Transportation of Arizona's Motion for Summary Judgment**

The Court next considers the motion for summary judgment filed by all three Defendants. For the following reasons, the Court denies Defendants' motion for the negligence and negligence per se claims, but grants Defendants' motion for the remaining claims.

*i. Plaintiffs' First Cause Of Action For Negligence*

In Nevada, "[i]t is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." Sanchez v. Wal–Mart Stores, Inc., 221 P.3d 1276, 1280 (Nev. 2009).

Defendants' argument in support of summary judgment is that Defendant Bulman did not violate any duties owed to Plaintiffs. However, it is "undisputed that drivers, like [Bulman], have a duty established by law to all other drivers to operate a vehicle safely[.]" Campbell v. Est. of Kilburn, No. 3:13-CV-0627-LRH-WGC, 2015 WL 3875927, at *2 (D. Nev. June 23, 2015); see also Johns v. McAteer, 457 P.2d 212, 215 (Nev. 1969) ("The law is clear that all motorists are under a twofold duty in operating motor vehicles: (1) to comply with applicable traffic regulations, and (2) exercise the care of the ordinarily prudent person under the circumstances."). Therefore, Defendant Bulman did have a duty of care to Plaintiffs. See Ashwood v. Clark Cnty., 930 P.2d 740, 742 (Nev. 1997) ("It is the courts and not juries that have the ultimate responsibility of defining duty in relation to particular circumstances[.]").

There remains a dispute of material fact concerning whether Defendant Bulman breached that duty. Defendants argue that Bulman had the right-of-way when he pulled into the intersection on the yellow light and Plaintiffs should not have pulled forward in their lane when their light

turned green. However, Plaintiffs argue that Defendant Bulman should not have still been in the intersection when the light later turned red. The Court finds that the degree to which either party may have breached a duty of care is to be decided by a jury. See Charleston Station, LLC v. Stephens, 131 Nev. 1262 (Nev. 2015) ("Except in rare cases where the reasonableness of the defendant's actions is clear, determining whether a defendant acted reasonably is a question of fact for the jury to decide."); Shepard v. Harrison, 678 P.2d 670, 672 (Nev. 1984) ("A party's negligence becomes a question of law only when the evidence will support no other inference[.]"); Glover-Armont v. Cargile, 134 Nev. 361, 374, 426 P.3d 45, 56 (Nev. App. 2018) ("Nevada's appellate courts are reluctant to affirm summary judgment on negligence claims because the question of whether a defendant exercised reasonable care is nearly always a question of fact for the jury[.]"). Therefore, Defendants' motion for summary judgment on this claim is denied.

### ii. *Plaintiffs' Second Cause of Action For Negligence Per Se*

"A negligence per se claim arises when a duty is created by statute. A civil statute's violation establishes the duty and breach elements of negligence when the injured party is in the class of persons whom the statute is intended to protect and the injury is of the type against which the statute is intended to protect." Sanchez ex. rel. Sanchez v. Wal-Mart Stores, Inc., 221 P.3d 1276, 1283 (Nev. 2009); see also Barnes v. Delta Lines, Inc., 669 P.2d 709, 710 (Nev. 1983) ("When a defendant violates a statute which was designed to protect a class of persons to which the plaintiff belongs, and thereby proximately causes injury to the plaintiff, such a violation constitutes negligence per se, unless the defendant can show that the violation was excused.").

In their motion for summary judgment, Defendants argues that Plaintiffs bear responsibility for the accident because they violated NRS 484B.307. NRS 484B.307(2)(a) states that vehicles who have a green light "must yield the right-of-way to other vehicles and pedestrians lawfully within the intersection or an adjacent crosswalk at the time the signal is exhibited." Therefore, Defendants argue that Plaintiffs were required under law to yield to Defendant Bulman if Defendant Bulman was lawfully within the intersection. However, the Court finds that he was not.

Part of the record in this case includes the camera footage from Defendant. When, as in this case, the subject incident is unambiguously captured in a video recording, the Court views

those "facts in the light depicted by the videotape." Scott v. Harris, 550 U.S. 372, 380-81 (2007). The video plainly reflects that the light turned red while Defendant was in the intersection. Under Clark County Ordinance 14.12.020, a driver who decides to enter on a yellow light must clear the intersection before it turns red: "(c) Steady yellow alone: (1) Vehicular traffic facing the signal is thereby warned that the red or "stop" signal will be exhibited immediately thereafter and such vehicular traffic shall not enter or be crossing the intersection when the red or "stop" signal is exhibited." The video of the incident clearly reflects that when Defendant Bulman entered the intersection the light was yellow and that he was still in the intersection when the light turned red.

In response, Defendants argue that Plaintiffs stated they were aware of Defendant Bulman's vehicle seconds before the crash and failed to stop. However, the undisputed facts reflect that Defendant entered the intersection when it was yellow and remained in the intersection when it was red in violation of Clark County Ordinance 14.12.020. Therefore, he was not lawfully in the intersection and Plaintiffs did not violate NRS 484B.307, which only requires yielding to those lawfully within the intersection. Defendants' motion for summary judgment on Plaintiffs' negligence per se claim is denied.

   **iii.** *Plaintiffs' Fifth Cause of Action For Respondeat Superior*

The court finds Plaintiffs' cause of action for respondeat superior duplicative of the claims for negligence and negligent hiring, supervision, and/or training. Respondeat superior is best construed a theory of liability as opposed to an independent cause of action, which is why Plaintiffs pled that Defendant Swift Transportation Company of Arizona was liable pursuant to a theory of respondeat superior within their negligence claim. Gonzalez v. Nev. Dep't of Corr., No. 2:12-cv-02143-RFB-CWF, 2015 WL 4711108, at *7 ("Respondeat superior is better understood as a theory of liability than as an independent cause of action ... [c]ourts in this district have routinely dismissed respondeat superior and vicarious liability causes of action for this reason."); Troiano v. Walmart, Inc., No. 222CV260JCMNJK, 2024 WL 643042, at *4 (D. Nev. Feb. 14, 2024) (same). The Court grants Defendants' motion for summary judgment as to Plaintiffs' separate cause of action for respondeat superior.

   **iv.** *Plaintiffs' Fourth Cause Of Action For Failure to Train*

An employer "has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions." Hall v. SSF, Inc., 930 P.2d 94, 99 (Nev. 1996). The elements of a claim for negligent training and/or supervision are: (1) a general duty on the employer to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation. Lambey v. Nevada, No. 2:07-cv-01268-RLH-PAL, 2008 WL 2704191, *4 (D. Nev. July 3, 2008).

The Court finds that Plaintiffs present no evidence pertaining to Defendants' training policies. The sole evidence that Defendant negligently trained or supervised its employees is Defendant Bulman's response in his Deposition concerning his lack of knowledge about specific Nevada road rules. This is insufficient evidence that Defendant Swift Transportation Company of Arizona failed to adequately train or supervise their employees. Therefore, Defendants' motion for summary judgment is granted on this claim.

**v.** *Plaintiffs' Fifth Cause Of Action For Negligent Entrustment*

"The key elements [of a negligent entrustment claim] are whether an entrustment actually occurred, and whether the entrustment was negligent." Zugel v. Miller, 688 P.2d 310, 312 (Nev. 1984). Here, there is no dispute that an entrustment actually occurred when Defendant Swift Transportation Company of Arizona provided a vehicle to Defendant Bulman. Therefore, the issue is whether that entrustment was negligent. Under Nevada law, the theory of negligent entrustment "appl[ies] where one who has the right to control the car permits another to use it in circumstances where he knows or should know that such use may create an unreasonable risk of harm to others." Mills v. Continental Parking Corp., 475 P.2d 673, 674 (Nev. 1970).

Here, there is nothing in the record supporting a finding that Defendant Bulman posed an unreasonable risk of harm to others. He is a commercial driver who drives in California, Utah, and Nevada. The Court concludes that there are no material issues of fact in dispute that establish that the entrustment was negligent. Cf. Zugel by Zugel v. Miller, 688 P.2d 310, 312 (Nev. 1984) ("Under this doctrine, a person who knowingly entrusts a vehicle to an inexperienced or incompetent person, such as a minor child unlicensed to drive a motor vehicle, may be found liable for damages resulting thereby[.]"). Therefore, Defendants' motion for summary judgment is

granted as to this claim.

V. **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Defendant Swift Transportation Services of Arizona's Motion for Summary Judgment, (ECF No. 34), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Joshua Bulman, Defendant Swift Transportation of Arizona, and Defendant Swift Transportation Services' motion for summary judgment, (ECF No. 35), is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendants' motion in limine, (ECF No. 33), is **DENIED** without prejudice.

**DATED:** March 31, 2025.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE